# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BANCORPSOUTH BANK, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 13-248-CG-C |
| | ) |
| MICHAEL F. DIOS and JUDITH A. DIOS, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on plaintiff's motion for summary judgment against defendant, Michael F. Dios. (Doc. 18). After review of the pleadings and in light of the fact that defendants have not opposed summary judgment, the court finds that plaintiff's motion is due to be granted.

## FACTS

Plaintiff, BancorpSouth Bank, Inc., filed this action seeking damages resulting from the defendants' alleged default on a loan and promissory note executed on or about January 3, 2007, in the principal amount of $352,000.00. (Doc. 1). Default judgment was entered against defendant Judith A. Dios on September 19, 2013. (Doc. 13). Plaintiff moved for summary judgment against Michael F. Dios on December 10, 2013. (Doc. 18).

The motion for summary judgment states that the loan at issue was secured by a mortgage on certain property in Baldwin County, Alabama, which plaintiff foreclosed upon on July 22, 2011. (Doc. 19, p. 1). After applying the net foreclosure

sale proceeds and all other credits to the loan balance plaintiff contends that Mr. Dios owes plaintiff the principal amount of $114,182.46, accrued interest of $14,892.07 as of December 2, 2013, attorney's fees and expenses of $9,797.69, plus additional interest at the rate of $14.08 per day from December 2, 2013 through the date of judgment. (Doc. 19, p. 2).

Any party opposing the motion was ordered to file a response in opposition on or before December 31, 2013. (Doc. 20). To date no opposition has been filed. On January 3, 2014, plaintiff and defendant Michael F. Dios filed a joint motion for extension of time for filing their report of the Rule 26(f) planning meeting. (Doc. 21). In the joint motion, the parties noted the pending summary judgment motion and stated that defendant Michael F. Dios "does not intend to contest the motion." (Doc. 21, ¶ 4).

## ANALYSIS

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted: "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving

party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir. 1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).  Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  The non-moving party "may not rest on the mere allegations or denials of the [non-moving] party's pleading, but .... must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e)  "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 at 587 (1986) (internal quotation and citation omitted).

**B. Discussion**

"In opposing a motion for summary judgment, a 'party may not rely on his pleadings to avoid judgment against him.'" Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 592 (11th Cir. 1995), cert. denied sub nom., Jones v. Resolution Trust Corp., 516 U.S. 817 (1995)(citing Ryan v. Int'l Union of Operating Eng'rs., Local 675, 794 F.2d 641, 643 (11th Cir. 1986)).  Moreover, " [t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.  Rather, the onus is upon the parties to

3

formulate arguments; grounds alleged in the complaint [or answer] but not relied upon in summary judgment are deemed abandoned." Id. at 599 (citations omitted).

There being no opposition to plaintiff's motion, the court, after review of the pleadings, finds the motion is due to be granted.

## CONCLUSION

For the reasons stated above, plaintiff's motion for summary judgment against defendant, Michael F. Dios. (Doc. 18) is **GRANTED** and judgment will be entered by separate order for damages in the total amount of **$139,421.34** (representing $114,182.46 in principal, accrued interest of $14,892.07 as of December 2, 2013, attorney's fees and expenses of $9,797.69, plus additional interest of $549.12).

**DONE and ORDERED** this 10th day of January, 2014.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE